In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-2629

JOHN H. BALSEWICZ,

*Petitioner-Appellant,*

*v.*

PHILLIP A. KINGSTON, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03 C 1019—**Aaron E. Goodstein**, *Magistrate Judge.*

ARGUED SEPTEMBER 7, 2005—DECIDED OCTOBER 6, 2005

Before BAUER, POSNER, and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.*   John Balsewicz was convicted in May 1991 of homicide and robbery. He unsuccessfully appealed his conviction and pursued various state post-conviction challenges before filing a petition for a writ of habeas corpus on October 20, 2003. The respondent moved to dismiss the petition as untimely and procedurally barred. The district court granted the motion and dismissed the petition as untimely. We affirm.

## I.  Background

In the early morning of August 24, 1990, witnesses saw Balsewicz and another man, Garceia Coleman, chasing the

victim, Richard Terry. Terry escaped his pursuers several times, but after each escape they caught and beat him again. The final time the two men caught Terry, they kicked him repeatedly and beat him with a door frame found in the alley. Witnesses who attempted to intervene were threatened. One witness testified that Coleman removed Terry's wallet from his back pocket. Terry died as a result of the beatings. In May 1991, a jury convicted Balsewicz of first-degree intentional homicide and robbery.

Balsewicz informed his attorney of his belief that he was mentally ill at the time of the crime. According to Balsewicz, this mental disease was manifested in various ways over the course of his life, including the following: (1) he has heard voices threatening to kill him; (2) he has suffered from hallucinations of snakes and spiders; (3) he set his own house on fire to avoid the envisioned spiders; (4) he severely beat a cat he believed to be inhabited by a demon; and (5) he killed the victim believing him to be a demon. No evidence of these phenomena was presented at the trial that resulted in Balsewicz's conviction.

The Milwaukee County Circuit Court imposed a life sentence for the homicide conviction and a consecutive ten-year sentence for the robbery conviction. On direct review, the Wisconsin Court of Appeals affirmed the conviction and issued a Remittitur on May 24, 1994. Balsewicz did not seek discretionary review of the Court of Appeals decision in the Wisconsin Supreme Court or seek certiorari in the United States Supreme Court.

On February 5, 1999, Balsewicz instituted post-conviction proceedings, asserting for the first time, claims of ineffective assistance of trial and appellate counsel. After the Circuit Court denied relief, the Court of Appeals reversed and remanded for a hearing to determine whether Balsewicz was competent at the time of trial and whether trial counsel was ineffective for failing to raise the issue.

On April 19, 2002, the Circuit Court conducted a hearing and ruled that Balsewicz was competent at the time of trial and that trial counsel provided him with effective assistance. The Wisconsin Court of Appeals affirmed this decision, and Balsewicz did not then properly appeal to the Wisconsin Supreme Court.

On October 20, 2003, Balsewicz filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Wisconsin. With the written consent of both parties, the case was reassigned to Magistrate Judge Goodstein, who granted the respondent Kingston's motion to dismiss the petition as untimely on April 14, 2004.

Balsewicz filed a request for a certificate of appealability, which was denied on May 24, 2004. He then applied to this Court for a certificate of appealability, which was granted on October 18, 2004.

## II. Discussion

### A. Standard of Review

We review the district court's decision to deny Balsewicz's habeas petition *de novo*. *Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999). Because Balsewicz filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, its standard of review governs his claims. Under the AEDPA, habeas relief is only available if the petitioner demonstrates that the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**B. The AEDPA Statute of Limitations**

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year period runs from the latest of the following: (1) the date the judgment becomes final or the expiration of time to seek review; (2) the date that the impediment to filing created by state action in violation of the Constitution is removed; (3) the date that the constitutional right asserted was recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1). This one-year time limit will be tolled, however, during such time that the petitioner has state post-conviction or other collateral review with respect to the pertinent judgment pending in state court. 28 U.S.C. § 2244(d)(2).

Balsewicz's habeas petition was due one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On direct appeal, the Wisconsin Court of Appeals affirmed Balsewicz's conviction and issued a Remittitur to the Circuit Court on May 24, 1994. In Wisconsin, a direct challenge to a conviction becomes "final" the day the Remittitur issues. See Wis. Stat. § 809.26; *State ex rel. Fuentes v. Wisconsin Court of Appeals*, 593 N.W.2d 48, 51 (Wis. 1999). Balsewicz sought neither discretionary review of the Court of Appeals decision by the Wisconsin Supreme Court nor certiorari review by the United States Supreme Court. As a result, his conviction became final on August 22, 1994, allowing for the ninety days in which Balsewicz could have applied for certiorari. See *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

For prisoners whose convictions became final prior to the AEDPA's enactment on April 24, 1997, however, there was a one-year grace period in which to file. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Balsewicz's conviction became final before the effective date of the AEDPA, so he had the benefit of the grace period and could have timely filed his habeas petition at any time until April 24, 1997. He did not, however, file his habeas petition until October 20, 2003, more than six years later. Also, from the date of the Remittitur, May 24, 1994, until the date that he filed his motion for post-conviction relief, February 5, 1999, Balsewicz did not pursue any challenge in state court that would have tolled the statute of limitations. Thus, his habeas petition was untimely.

Even accepting the fact that the petition was untimely, Balsewicz argues that his constitutional claims of ineffective assistance of counsel merit consideration because he is "actually innocent" due to a mental disease or defect he suffered at the time of the crime. He proposes a "miscarriage of justice" exception to § 2244, similar to the "miscarriage of justice" exception found elsewhere in habeas jurisprudence that would allow him to assert this claim of "actual innocence." See *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (discussing the miscarriage of justice exception that applies where a petitioner procedurally defaulted his federal claims in state court). As Balsewicz concedes, the AEDPA does not reference an exception to the limitations period predicated on a petitioner's actual innocence for an initial habeas petition, see 28 U.S.C. § 2244(d), although the statute provides just such an exception for successive habeas petitions. See *id.* § 2244(b)(2).

Neither the Supreme Court nor this Court has recognized a freestanding actual innocence exception to § 2244 that would allow a petitioner to overcome a failure to file the petition in a timely manner. *Gildon v. Bowen*, 384 F.3d 883,

887 (7th Cir. 2004). The courts that have acknowledged that the exception might be warranted under appropriate circumstances have declined to resolve the issue "unless the petitioner was able to demonstrate that he was actually innocent." *Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005); see also *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In order to demonstrate actual innocence in a collateral proceeding, a petitioner must present "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299, 327-28 (1995). In his briefs and affidavits, Balsewicz has presented evidence not introduced at trial to the effect that over the course of his life, he has heard voices threatening to kill him, suffered from hallucinations in which he saw snakes and spiders, set his own house on fire to avoid those spiders, severely beaten a cat he believed to be inhabited by a demon, and killed the victim believing him to be a demon. Taken together, Balsewicz argues, this new evidence reveals that Balsewicz suffered from a mental disease or defect at the time of the crime, thus negating the intent to kill required for homicide under Wisconsin law. See Wis. Stat. § 940.01(1)(a).

This argument fails. First, the Milwaukee County Circuit Court, in a decision affirmed by the Wisconsin Court of Appeals, retrospectively concluded that Balsewicz was competent at the time of the April 1994 trial. Second, even assuming that Balsewicz in fact suffered from a mental defect, it would not negate the intent element of first-degree homicide. See Wis. Stat. § 971.15(3). As the Wisconsin Supreme Court has held, mental disease or defect is

> an affirmative defense to "responsibility"—it relieves the person of the sanctions for criminal conduct. It does

not relieve the person already found guilty in the first phase of the factual finding of criminal conduct. Rather, the successful assertion of the affirmative defense in phase two results in a noncriminal-sanction disposition. Thus, it is clear that phase two is not determinative of guilt in the sense of criminal conduct but only determinative of the disposition of the defendant in terms of the treatment to be afforded one who was insane at the time the guilty conduct was performed.

*State v. Koput*, 418 N.W.2d 804, 811-12 (Wis. 1988). So, the mental responsibility phase of the bifurcated trial "is dispositional in nature and has nothing to do with whether the defendant is guilty." *Id.* at 812. Balsewicz's success on a properly entered plea of not guilty by reason of mental disease or defect, then, would have affected only the nature and location of his custody, not his actual innocence under Wisconsin law. As previously recognized, this Court must follow the Wisconsin Supreme Court's interpretation of this exact point of Wisconsin law. *Leach v. Kolb*, 911 F.2d 1249, 1256 (7th Cir. 1990) (citing *Hicks v. Feiock*, 485 U.S. 624 (1988)).

## C. Equitable Tolling and Estoppel

This Court has stated that actual innocence, instead of comprising a freestanding exception to the AEDPA, must be presented in conjunction with a claim that the habeas statute of limitations should be equitably tolled. *Gildon*, 384 F.3d at 887. Equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition. *Id.* This Court has acknowledged that equitable tolling may apply to § 2244, but only where the doctrine's operation would not conflict with the tolling provisions specifically listed in § 2244(d). *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Because Balsewicz does not present an equitable tolling

argument on appeal, however, we cannot consider his claims of actual innocence within that analytical framework.

Although Balsewicz does not advance an equitable tolling argument, he contends that the state should be equitably estopped from asserting the statute of limitations defense because Wisconsin's post-conviction statute led him to believe that he had more time to seek habeas relief. The doctrine of equitable estoppel applies to situations involving "conduct by the defendant that prevents the plaintiff from suing within the statutory period." *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004). This Court has allowed that equitable estoppel, like equitable tolling, may apply to § 2244 only where the doctrine's operation would not conflict with the specific tolling provisions of § 2244(d). *Taliani*, 189 F.3d at 598.

No conduct by the respondent State of Wisconsin prevented Balsewicz from suing within the limitations period. Balsewicz argues that the language of Wis. Stat. § 974.06 incorrectly led him to believe that he could file his state post-conviction challenge at any time and still avail himself of federal habeas review. The statute provides that a "motion for [post-conviction] relief is a part of the original criminal action, is not a separate proceeding and may be made at any time." Wis. Stat. § 974.06(2). The statutory language allows for a post-conviction challenge at any time, but makes no reference to habeas relief. Instead, Balsewicz relies on a reading of the statute in conjunction with 28 U.S.C. § 2244(d)(2) to argue that Balsewicz could reasonably have considered his post-conviction challenge "pending" for habeas purposes because under Wisconsin law a post-conviction challenge comprises "a part of the original criminal action." Wis. Stat. § 974.06(2).

These assumptions about the interplay between the state and federal statutes fall considerably short of the

"affirmative conduct" that Balsewicz would need to demonstrate in order to establish equitable estoppel against the state. See *Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005). The state took no active steps to prevent Balsewicz from filing. See *Brooks v. Walls*, 279 F.3d 518, 525 (7th Cir. 2002). The fact that the statutory language affords Balsewicz a distinct state collateral challenge to the conviction does not negate the finality of his conviction for purposes of federal habeas review. It remains clear under Wisconsin law that a conviction becomes final when the Remittitur issues. See Wis. Stat. § 809.26; *State ex rel. Fuentes*, 593 N.W.2d at 51. Thus, the state is not equitably estopped from asserting the habeas statute of limitations. To hold otherwise would render the AEDPA limitations period ineffective as to all habeas petitioners who were convicted in Wisconsin state court.

Even if there had been some conduct by the state that prevented Balsewicz from filing, his reliance on equitable doctrines is misplaced because he waited so long to advance his ineffective assistance of counsel claims. As the Supreme Court recently reasserted, a petitioner's lack of diligence will preclude equity's operation. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1815 (2005). In the instant case, the factual predicate for the claims against trial and appellate counsel would have been known to Balsewicz by April 19, 1994, when the Wisconsin Court of Appeals affirmed his conviction. Balsewicz failed to challenge the decision on direct appeal but waited four and a half years before filing any state collateral challenge. His failure to file a habeas petition before the April 24, 1997 expiration of the AEDPA grace period, then, is attributable to his own inaction. If he had filed direct or collateral challenges to the conviction, then the pending claims would have tolled the habeas statute of limitations. Because Balsewicz waited for years, without justification, to assert his constitutional claims, he cannot now invoke equity to excuse the procedural defect that bars them. See *id.*

## D.  Ineffective Assistance of Counsel

To prove a Sixth Amendment ineffective assistance of counsel claim, a petitioner must establish both that his counsel's representation fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To have his ineffective assistance of counsel claims considered, however, Balsewicz first would need to establish his actual innocence. A demonstration of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Because Balsewicz cannot demonstrate the actual innocence necessary to pass through this "gateway," we will not reach the merits of his ineffective assistance of counsel claims.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Balsewicz's petition for a writ of habeas corpus.

A true Copy:

       Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*