UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2005[*]
Decided January 31, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-3520

| | |
|---|---|
| JERRY HARDEN,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>PHILLIP A. KINGSTON,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 02-C-1274<br><br>J. P. Stadtmueller,<br>*Judge.* |

**O R D E R**

A Wisconsin jury convicted Jerry Harden of two counts of burglary, Wis. Stat. § 943.10(1), and two counts of criminal damage to property, Wis. Stat. § 943.01(1). The court sentenced him as a habitual offender, Wis. Stat. § 939.62(1)(b), to a total term of 31 and a half years in prison. On appeal, the court appointed the State Public Defender to represent Harden, but counsel filed a no-merit report pursuant to *Anders v. California,* 386 U.S. 738 (1967), and Wis. Stat. § 809.32. The Wisconsin Court of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Appeals determined that further proceedings would be frivolous and affirmed Harden's conviction. *State v. Harden*, No. 01-627-CRNM (Wis. Ct. App. Aug. 22, 2001). After pursuing an unsuccessful motion for postconviction relief in the state courts, *State v. Harden*, No. 02-0637 (Wis. Ct. App. Sept. 18, 2002), Harden filed this petition pursuant to 28 U.S.C. § 2254, which the district court denied, *Harden v. Bertrand*, No. 02-C-1274 (D. Wis. July 28, 2004). The district court nonetheless granted a certificate of appealability on the question whether the identification testimony of an eyewitness violated Harden's right to due process because police employed an unduly suggestive identification procedure. The court also certified Harden's related ineffective assistance of counsel claim. In evaluating these two arguments, we rely on the account of the facts and proceedings provided by the state courts.

At about 5:00 a.m., Janis Baubonis heard a noise while resting on a couch in her home. An intruder then walked past her and remained in the room for 3 to 4 minutes before leaving her residence. When police arrived, Baubonis described the man, who had been about 8 to 10 feet away from her, as being 5 feet 8 inches tall, 130 pounds, and in his mid-20s. Though the room was dark and her television provided the only light, she also reported that she had observed that he had sandy brown hair pulled into a short pony-tail, had no facial hair, and wore blue jeans, a light-colored short sleeved shirt, and a surgical glove on his right hand. Police also included a notation in the statement, which she signed at the time, indicating the intruder was a "w/m"—white male—though Baubonis testified at trial that she did not remember specifying his skin color.

While police were taking Baubonis's statement, they received another call regarding a burglary two blocks away, where officers had just arrested Harden. The officers interviewing Baubonis told her of Harden's arrest and drove her to the second home, where they conducted a "showup," in which only Harden was present, seated in the back of a police car. See *United States v. Rogers*, 387 F.3d 925, 936 (7th Cir. 2004) (describing showup procedure). Baubonis identified Harden as the man she had seen in her home. Although Harden is 5 feet 7 inches tall, 135 pounds, and had a pony-tail at the time of his arrest, he is African-American. At trial, without any objection from Harden, Baubonis repeated her identification.

In the course of reviewing counsel's no-merit report, the Wisconsin Court of Appeals addressed whether the showup tainted Baubonis's identification. Though counsel's submission discussed Baubonis's identification only in terms of the sufficiency of the evidence, focusing on whether the jury reasonably relied on her identification testimony, Harden's response argued that the identification procedure was unduly suggestive and therefore that Baubonis's identification testimony should have been suppressed. Instead of deeming the issue procedurally defaulted because of Harden's failure to object to the trial identification, see *Page v. Frank,* 343 F.3d 901, 905-06 (7th Cir. 2003), the appellate court concluded that Harden's argument was frivolous

because the showup was not unduly suggestive. Harden again raised the identification procedure in a postconviction motion, arguing that trial counsel was ineffective for failing to suppress Baubonis's testimony, that appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness, and that the trial court erred by not *sua sponte* suppressing the testimony. The trial and appeals courts rejected his arguments because the claim had been decided on direct review.

The district court observed that the state court's determination that the showup was not unduly suggestive "may be . . . an unreasonable application of Supreme Court precedent." The court nevertheless declined to find that the procedure was unduly suggestive, because it concluded that the identification was independently reliable. See*, e.g., United States v. Funches*, 84 F.3d 249, 255 (7th Cir. 1996).

Our review of a district court's denial of a § 2254 petition is plenary. *Balsewicz v. Kingston*, 425 F.3d 1029, 1031 (7th Cir. 2005). Relief is available only if the Wisconsin courts' adjudication of Harden's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

We briefly address the district court's choice to focus on the reliability of the identification. The state argues that federal habeas corpus review should begin—and in its view end—with the Wisconsin Court of Appeals's holding that Harden did not establish that the showup was unduly suggestive. State courts are not required to "fill their opinions with discussions that by their lights are unnecessary," but a state court's decision to analyze only one of two independent parts of a test does not preclude federal consideration of the second. *Lindh v. Murphy*, 96 F.3d 856, 874 (7th Cir. 1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997). Federal courts review the resolution of a claim. *Id*. Here, the claim "adjudicated on the merits," 28 U.S.C. § 2254(d), was not the suggestiveness of the showup, but rather the admissibility of Baubonis's identification testimony. Thus, under the two-part test for the admissibility of eyewitness testimony that was potentially tainted by a suggestive identification procedure, see *Gregory-Bey v. Hanks*, 332 F.3d 1036, 1045 (7th Cir. 2003), a reviewing court may decline to address the suggestiveness of the identification and focus its analysis on the reliability of the witness, *see Armstrong v. Young*, 34 F.3d 421, 427-28 (7th Cir. 1994).

Though Harden did not attempt to suppress Baubonis's testimony, the district court inquired whether Baubonis's testimony would have properly been admitted over a suppression motion or objection by Harden. See *Neil v. Biggers*, 409 U.S. 188, 198 (1972) (discussing suppression of eyewitness testimony); *Gregory-Bey*, 332 F.3d at 1045. The court concluded that due process would not have required the trial court to

exclude the testimony because it was independently reliable. Baubonis first viewed Harden in a poorly lit room, but her initial description was largely consistent with Harden's appearance (though there is some dispute over whether she reported to police that the intruder was white). She had the opportunity to view him at a distance of only 8 to 10 feet, and she positively identified him when she viewed him both at the second crime scene and at trial. These factors support the reliability of Baubonis's testimony. See *Gregory-Bey*, 332 F.3d at 1045 (describing factors that court considers when assessing reliability). We agree with the district court that a suppression motion by Harden would have been fruitless.

Moreover, it was not error for the state trial court to allow the jury to consider Baubonis's reliability, rather than ordering a suppression hearing on its own initiative. See *Watkins v. Sowders*, 449 U.S. 341, 347-48 (1981). Harden's counsel highlighted the shortcomings of Baubonis's identification, and the court instructed the jury on "the proper evaluation of evidence." *Id*. at 347. The jury ultimately considered the reliability of Baubonis's testimony. Under the circumstances presented here, due process was not offended by permitting the jury to perform that function. *Id*. at 348.

Finally, we consider whether Harden's counsel was ineffective for failing to argue for suppression of Baubonis's testimony. Harden must show that counsel's performance was deficient and prejudiced his defense. *Martin v. Grosshans*, 424 F.3d 588, 590 (7th Cir. 2005). He cannot show deficient performance, however, because the reliability of an eyewitness is an issue that may be raised either before a judge in a suppression motion or before a jury through cross examination. See *Watkins,* 449 U.S. at 347 (suggesting that due process may require a suppression hearing before an allegedly coerced statement is admitted, but observing that "[w]here identification evidence is at issue . . . no such special considerations justify a departure from the presumption that juries will follow instructions"). Thus, we cannot say that counsel's choice to argue to the jury, rather than the judge, that Baubonis was unreliable fell "below an objective standard of reasonableness." *Martin*, 424 F.3d at 590.

AFFIRMED.