In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-2349

ANTHONY D. DAVIS,

*Petitioner-Appellant*,

*v.*

JOHN R. VANNATTA,

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 03 C 301—**Allen Sharp**, *Judge.*

———————

ARGUED NOVEMBER 8, 2005—DECIDED FEBRUARY 9, 2006

———————

Before BAUER, MANION, and EVANS, *Circuit Judges.*

MANION, *Circuit Judge.* An Indiana jury convicted Anthony Davis of two counts of delivering cocaine. After pursuing a direct appeal and seeking collateral relief in the Indiana courts, Davis filed a petition for a writ of habeas corpus in federal court asserting, among other claims, that he was denied effective assistance of counsel. The district court denied the petition. Davis appeals. We affirm.

**I.**

On February 21, 1994, Davis sold and delivered 13.863 grams of cocaine to an undercover officer. On February 23, 1994, Davis sold another 14.360 grams of cocaine to the same officer. Based on these transactions, Davis was charged with two counts of delivering over three grams of cocaine in violation of Indiana Code § 35-48-4-1. In the pretrial proceedings, four attorneys participated in Davis's defense, with none assuming principal responsibility before trial. These unusual circumstances gave rise to Davis's claims of alleged ineffective assistance of counsel, and we therefore recount in detail his attorneys' actions before trial.

Following his arrest, Davis appeared for an initial hearing on March 31, 1994. He stated that he intended to retain an attorney with the help of his family. The judge instructed Davis to have an attorney file an appearance within one week. Since no attorney appeared for Davis by the status conference on April 7, 1994, the judge appointed a public defender to represent Davis. The following week, public defender Brent Zook appeared with Davis at a bond reduction hearing. The court took the request for bond reduction under advisement and subsequently denied it, leaving Davis in custody.

In an interview related to the request for bond reduction, Davis indicated that he had contracted tuberculosis. On April 28, 1994, Zook filed a request for a medical examination to test Davis for tuberculosis. Zook also requested a continuance of the proceedings pending the results because Zook was "especially susceptible to communicable diseases." The judge granted the continuance and ordered the examination, which subsequently came back negative for tuberculosis. Public defender Neil Holbrook apparently assumed Davis's representation due to Zook's health

concerns, and filed a motion for a speedy trial on June 15, 1994. The court granted the motion and scheduled trial for July 18, 1994. Holbrook also filed a motion for disclosure of information regarding confidential informants and undercover officers.

Meanwhile, Davis's family sought counsel to defend Davis. The family paid a $1,500 retainer to Chicago attorney Ernesto D. Borges,[1] Jr., who was licensed only in Illinois. In order to represent Davis in Indiana, Borges needed local counsel. Before Borges obtained local counsel, he learned that the family had independently retained Elizabeth D. Tate as local counsel, paying her $4,000. Borges admitted that he was "upset" because the family did not consult with him regarding the choice of local counsel and because Tate received more money. Borges assumed that since Tate received more money and worked near the jail, she would "take the lead on the case." Borges and Tate filed an appearance and a motion to continue the trial on July 6, 1994.

Neither Borges nor Tate filed a motion in the next five months. Davis, who remained in custody, filed a grievance against Tate with the Indiana Disciplinary Commission believing that Tate was inattentive to his case. The grievance was dismissed, but Tate sought to withdraw from the representation due to a breakdown in the attorney-client relationship. On December 22, 1994, the court held a hearing on Tate's motion to withdraw as counsel. Davis orally opposed her withdrawal, noting that he had insufficient funds to retain another local attorney. The court also noted that Tate's withdrawal would leave Davis without required local counsel. The prosecutor, however,

---

[1] In much of the record and prior decisions, attorney Borges's name is misspelled Borgess.

indicated that Borges, who was absent from the hearing, remained "lead counsel" and would be able to find substitute local counsel. The court permitted Tate's withdrawal and directed Davis to address his concerns of inattention and the need for local counsel to Borges, "since he's your lead counsel." In granting Tate's motion to withdraw, the court ordered Borges "to retain and have the appearance of Indiana counsel filed within thirty (30) days."

Because no local counsel filed an appearance by the court's deadline, the court scheduled a status conference for February 23, 1995. Due to Borges's conflicts, the court adjourned the conference until March 2, 1995, and then again until March 16, 1995. In scheduling the conference for March 16, 1995, the judge appointed Brent Zook as "interim local counsel." Borges appeared at the conference, along with Zook, Davis, and the prosecutor. Zook moved to continue the trial date, which was then scheduled to commence four days later on March 20, 1995. The court granted the continuance, over the prosecutor's objection. Zook also requested an extension of the deadline for a plea agreement, which was granted. Borges orally moved to withdraw from the representation. The court took Borges's motion under advisement and scheduled a hearing for April 13, 1995, the deadline for a plea agreement.

Borges failed to appear at the next hearing, which was rescheduled by the court for April 20, 1995. Apparently because of his absence, the court summarily denied Borges's motion. The prosecutor stated that the parties had "reached an impasse on a plea" and requested that the matter be scheduled for trial. The court informed Davis of the deadline for a plea agreement:

**The Court:**     You understand, Mr. Davis, that if there is no agreement entered today,

> I'm going to set this for trial. I will not hereafter accept a plea bargain agreement?

**The defendant:**  Yes.

**The Court:**  Do you understand that?

**The defendant:**  Yes.

Davis interjected a question at the end of the hearing, asking if Borges was still on his case and stating that none of the attorneys had been consulting with him or filing motions on his behalf. The judge answered that Borges remained his attorney and that he should address such matters with him. The court set trial for October 23, 1995.

Zook moved for a continuance of the October trial date, due to his assignment to a death penalty case. The motion noted that Zook served "as local counsel, and is unsure of the role he is to play" in the representation. As a public defender, Zook could not serve with a retained attorney, yet Borges had not withdrawn successfully or obtained substitute local counsel. The court granted the motion to continue without comment, scheduling the trial for February 19, 1996. As the trial date approached, Zook filed a motion to make a prisoner available to testify in Davis's defense. Zook subsequently withdrew this motion.

On the morning of trial, Borges did not appear, having been detained in New York. Zook appeared and requested a continuance to enable Borges to serve as counsel at trial. The judge informed Davis that if a continuance were granted, "we're into probably August or September before we can reschedule for trial." The record then indicates that Davis discussed the issue with Zook, although the duration and content of this discussion do not appear in the record.

Zook then informed the court that "we'll withdraw the Motion to Continue." The judge then questioned Davis:

| | |
|---|---|
| **The Court:** | You feel that you've had adequate time to talk to Mr. Zook regarding the facts of your case? |
| **The defendant:** | Not really; no, sir. |
| **The Court:** | Well, it's up to you. If you want a continuance, I'll grant it. That's just a fact of life where we're going to be. |
| **The defendant:** | I'm willing to work with Mr. Zook as of right now. |
| **The Court:** | Do you feel confident to go ahead, Mr. Zook? |
| **Mr. Zook:** | Yes, sir. |

Thus, almost two years after he was initially detained, Davis went to trial represented by the public defender, Zook. Zook cross-examined the prosecution's witnesses, but did not call witnesses or present evidence in Davis's defense. The jury convicted Davis on both counts, and the court sentenced Davis to forty years of incarceration on each count, to be served concurrently.

New appointed counsel represented Davis on appeal. Counsel filed a brief raising only the issue of ineffective assistance of counsel. The Indiana Court of Appeals affirmed the conviction on May 2, 1997, and the Indiana Supreme Court denied transfer on July 11, 1997. Davis then filed a petition for post-conviction relief. The trial court denied the petition, considering the ineffective assistance of counsel claim barred by *res judicata* of the direct appeal, but permitted Davis to proffer his own testimony as well as that of Borges and Zook at an evidentiary hearing. The Indiana

Court of Appeals affirmed the denial of post-conviction relief on October 3, 2002, and the Indiana Supreme Court denied transfer on February 20, 2003.

Davis then filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254 on May 8, 2003. In his *pro se* petition, he asserted various claims including ineffective assistance of counsel and a violation of due process. The district court denied the petition and denied the request for a certificate of appealability. This court granted a certificate of appealability, limited to the issue of "whether Davis received constitutionally sufficient assistance of counsel at trial and on direct appeal." We also appointed counsel for Davis and requested the parties to "address any issues of procedural default."

## II.

We review the district court's denial of the petition for a writ of habeas corpus de novo. *Balsewicz v. Kingston*, 425 F.3d 1029, 1031 (7th Cir. 2005). Habeas corpus relief is warranted only if the state court adjudication " '[1] resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or [2] 'resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Id.* (quoting 28 U.S.C. § 2254(d)).

In this appeal, Davis asserts a claim of ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner "must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Martin v. Grosshans*, 424 F.3d 588,

590 (7th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In *United States v. Cronic*, 466 U.S. 648 (1984), however, the Supreme Court crafted three exceptions to the prejudice requirement of *Strickland*. 466 U.S. at 659-60; *see also Bell v. Cone*, 535 U.S. 685, 695-96 (2002). Specifically, prejudice may be presumed if "(1) [ ] the accused is 'denied the presence of counsel at a critical stage' in proceedings, (2) [if] counsel 'entirely fails to subject the prosecution's case to meaningful adversarial testing' or (3) [if] 'counsel is called upon to render assistance under circumstances where competent counsel very likely could not.'" *Barrow v. Uchtman*, 398 F.3d 597, 603 n.4 (7th Cir. 2005) (quoting *Bell*, 535 U.S. at 695-96) (emphasis omitted). Davis seeks relief under the *Cronic* exceptions in this appeal.

Respondent argues that Davis has procedurally defaulted his claim. We need not reach the issue of procedural default, however, since Davis's claim fails on the merits. *See Canaan v. McBride*, 395 F.3d 376, 387 (7th Cir. 2005). As noted, to warrant a presumption of prejudice from his counsel's performance under *Cronic*, Davis must show a denial of counsel at a critical stage of the proceedings, a failure by counsel to subject the prosecution's case to meaningful adversarial testing, or circumstances in which competent counsel is unlikely to be able to perform effectively. *Barrow*, 398 F.3d at 603 n.4; *Cronic*, 466 U.S. at 659-60. The *Cronic* exceptions, however, are "narrow" and limited to "'circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.'" *Florida v. Nixon*, 543 U.S. 175, 190 (2004) (quoting *Cronic*, 466 U.S. at 658). Davis argues that prejudice should be presumed because he proceeded to trial with allegedly unprepared counsel and because no attorney represented him during plea negotiations.

Regarding his representation at trial, even though Borges arguably abandoned Davis, Zook continued to serve as counsel. As the evidentiary hearing before the state trial court demonstrates, Zook was an experienced public defender who was familiar with the officer and drug analysts who testified for the prosecution and with Davis's case. Zook's contact with Davis began almost two years before trial, at the bond reduction hearing. Zook had visited Davis and, as trial approached, had filed a motion regarding a potential witness. When the judge asked Zook if he felt "confident to go ahead" on the morning of trial, he answered affirmatively. Although he had not planned on beginning trial that day, the circumstances were not so extraordinary that Zook's efforts constituted a "denial" of counsel; Zook did not "entirely fail to subject the prosecution's case to meaningful adversarial testing." *Id.* Furthermore, the circumstances were not so extraordinary that a competent attorney familiar with the case and the witnesses would be unable to perform effectively. Thus, the facts of this case are not within the ambit of *Cronic*. Most critically, Davis consented to proceeding with Zook on the day of trial. The judge explicitly offered Davis a continuance to enable him to proceed with the truant attorney Borges, but Davis chose to proceed with Zook. The fact that the next trial date might have been another six months in the future does not undermine the voluntariness of his decision, which was made after a conference with Zook. The assistance of counsel that Davis received does not fall within the narrow exceptions of *Cronic*.

Regarding the plea negotiations, the record similarly does not demonstrate that Davis was denied counsel for plea negotiations. The evidentiary hearing indicates that Borges did discuss a plea with the prosecutor. The prosecutor characterized the negotiations as having reached an im-

passe. Furthermore, the trial court explicitly warned Davis that he would not entertain a plea agreement unless it was finalized on that day of the hearing, at which Zook was present. Davis stated that he understood and raised no objection. Under the circumstances, a presumption of prejudice under *Cronic* is not warranted. Since prejudice is not presumed, and since Davis fails to demonstrate prejudice, his claims of ineffective assistance of counsel fail on the merits.

### III.

Davis's claims of ineffective assistance of counsel cannot succeed on the merits because the circumstances do not warrant the application of *Cronic* and because he fails to demonstrate prejudice. We therefore AFFIRM the district court's denial of the petition for a writ of habeas corpus.

No. 04-2349                                                11

A true Copy:

     Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*