In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3948

ANOU LO,

*Petitioner-Appellant,*

*v.*

JEFFREY P. ENDICOTT,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04 C 133—**Rudolph T. Randa**, *Chief Judge.*

ARGUED SEPTEMBER 25, 2007—DECIDED OCTOBER 26, 2007

Before EASTERBROOK, *Chief Judge*, and BAUER and
KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* On January 12, 1996, Petitioner-
Appellant Anou Lo was convicted in a Wisconsin court of
attempted murder and reckless endangerment. Several
years after Lo exhausted his direct appeal, the Wisconsin
Supreme Court modified the substantive law of self-
defense and invalidated certain standard jury instruc-
tions, including an instruction given at Lo's trial. Lo
petitions for a writ of habeas corpus, arguing that the
Wisconsin decision is a "factual predicate" giving rise to
a new one-year limitations period. Alternatively, he
contends that the decision warrants equitable tolling of
his petition. The district court dismissed Lo's petition as
untimely, and we affirm.

## I. Background

On July 6, 1995, Lo shot and injured a member of a street gang in La Crosse, Wisconsin. At his trial, Lo argued that he did so in self-defense. The Wisconsin circuit court determined that Lo adequately raised the issue and gave the standard jury instruction on imperfect self-defense. On January 12, 1996, the jury convicted Lo of attempted first-degree intentional homicide while armed and first-degree reckless endangerment while armed. On February 26, 1996, the judge sentenced Lo to consecutive terms of 20 years' imprisonment on the attempted homicide conviction and 9 years' imprisonment on the reckless endangerment conviction.

On February 5, 2004, Lo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that the Wisconsin circuit court improperly instructed the jury on imperfect self-defense in violation of his right to due process. Respondent-Appellee Jeffrey Endicott, warden of the prison in which Lo was and is imprisoned, moved to dismiss the claim as untimely. The district court granted Endicott's motion on October 6, 2005.

## II. Discussion

Lo argues that the district court erred in finding that the statute of limitations for his petition ran from the date that his conviction became final. He submits that *State v. Head*, 255 Wis.2d 194, 648 N.W.2d 413 (2002), issued several years after his conviction became final, acted as a trigger for a new one-year limitations period for habeas relief. In the alternative, Lo argues that he is entitled to equitable tolling. We review the district court's decision to deny Lo's habeas petition *de novo*. *Balsewicz v. Kingston*, 425 F.3d 1029, 1031 (7th Cir. 2005).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year period begins to run, according to § 2244(d)(1), from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1)(A) determines the finality of Lo's sentence. On August 21, 1998, the Wisconsin Supreme Court denied Lo's petition for review of the Wisconsin Court of Appeals's decision on Lo's direct appeal. Lo did not seek certiorari review by the United States Supreme Court. As a result, his conviction became final on November 19, 1998, allowing for the ninety days in which Lo could have applied for certiorari. *See Balsewicz*, 425 F.3d at 1032.

The district court held that, under § 2244(d)(1)(A), Lo had until November 19, 1999 to file his habeas petition.

As Lo filed on February 5, 2004, the district court dismissed his claim as untimely.

Lo argues that instead of § 2244(d)(1)(A), the district court should have applied § 2244(d)(1)(D). He contends that a subsequent Wisconsin Supreme Court decision constituted a new "factual predicate" under § 2244(d)(1)(D), thereby triggering a new one-year limitations period.

In *State v. Head*, the Wisconsin Supreme Court redefined the burden on the state to disprove the defense of imperfect self-defense in a prosecution for first-degree intentional homicide.[1] 255 Wis.2d at 244, 648 N.W.2d at 437. Had Lo's trial occurred after *Head*, Lo argues, the jury would have received a different instruction on imperfect self-defense.

To support his argument that a court decision can be a "factual predicate" within the meaning of § 2244(d)(1)(D), Lo relies primarily on *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). In *Johnson*, the Supreme Court held that the vacatur of the petitioner's prior state conviction was a matter of fact for purposes of a one-year statute of limitations under 28

---

[1] Prior to *State v. Head*, Wisconsin law allowed the state to defeat a defense of imperfect self-defense by showing that any belief on the part of the defendant that he needed to defend himself was unreasonable. *See State v. Camacho*, 176 Wis.2d 860, 872, 501 N.W.2d 380, 384 (1993). *Head* rejected this standard and held that when imperfect self-defense is raised, "the state has the burden to prove that the person had no *actual belief* that she was in imminent danger of death or great bodily harm, or no *actual belief* that the amount of force she used was necessary to prevent or terminate this interference." 255 Wis.2d 194, 244, 648 N.W.2d 413, 437 (2002) (emphasis added).

U.S.C. § 2255, ¶ 6(4).[2] Under § 2255, a one-year limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The Court found that the prior conviction was a "fact" because, *inter alia*, it was "subject to proof or disproof like any other factual issue." 544 U.S. at 306-07, 125 S.Ct. 1571.

Subsequent courts have declined to interpret *Johnson* as holding that *any* decision of *any* court acts as a factual predicate for purposes of extending the limitations period for habeas review. In *Daniels v. Uchtman*, we held that a decision by the Illinois Supreme Court on the merits of a belated collateral attack was not a "factual predicate" of petitioner's habeas claim. 421 F. 3d 490, 492 (7th Cir. 2005). In *Shannon v. Newland*, the Eleventh Circuit examined facts similar to the case before us and found that while a state court order of vacatur can be a fact that begins the one-year limitations period, a state court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute a factual predicate for that claim. 410 F.3d 1083, 1088-89 (11th Cir. 2005); *see also E.J.R.E. v. United States*, 453 F.3d 1094, 1097-98 (8th Cir. 2006) (finding that a federal court of appeals decision was not a qualifying fact under § 2255, ¶ 6(4)).

---

[2] As noted by the Eleventh Circuit in *Shannon v. Newland*, 410 F.3d 1083, 1088 (11th Cir. 2005), § 2255, ¶ 6(4) is the almost identical counterpart to § 2244(d)(1)(D) that applies to motions by federal prisoners attacking their sentences. The Supreme Court has interpreted the statute of limitations provisions of § 2244 and § 2255 in concert with one another. *See, e.g.*, *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 402, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (plurality op. of O'Connor, J.).

The Wisconsin Supreme Court's clarification of the law does not constitute a "factual predicate" within the meaning of § 2244(d)(1)(D). Unlike the state court vacatur in *Johnson*, *State v. Head* was not a fact within Lo's own litigation history that changed his legal status. As in *Shannon*, the Wisconsin Supreme Court's decision could arguably help Lo's claim, but that does not make the decision a fact subject to proof or disproof. Moreover, adopting Lo's argument would render the limitations in § 2244(d)(1)(C) meaningless. Section 2244(d)(1)(C), the primary vehicle through which court decisions restart the limitations period, provides that the decision must involve a constitutional right recognized by the Supreme Court, and that the Court must make the right retroactively applicable to cases on collateral review. To suggest, as Lo does, that any decision by any court on any issue could constitute a "factual predicate" would swallow up the specifically delineated limitations in § 2244(d)(1)(C). Though some state court judgments could potentially constitute a trigger for a new limitations period under AEDPA—as in *Johnson*—we do not find that a state court decision modifying substantive law constitutes a "factual predicate" under § 2244(d)(1)(D) justifying a new one-year limitations period.

In the alternative, Lo argues that the district court should have applied the doctrine of equitable tolling to excuse his untimeliness. He argues that because he could not have possibly discovered the basis for his federal claim until after the *Head* decision, his claim deserves to be equitably tolled.

Equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). We have acknowledged that equitable tolling may apply to § 2244, but only where the judge-made doctrine does not conflict with the

express tolling provisions listed in § 2244(d). *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Equitable tolling is rarely granted. *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006).

Lo fails to demonstrate the extraordinary nature of the circumstances surrounding his claim. We have never held that a change in state substantive law constitutes an "extraordinary circumstance" that warrants equitable tolling. Additionally, an application of the doctrine in this case would conflict with the express tolling provisions of § 2244(d). The underlying reasons that Lo presents for both arguments are identical; Lo simply recasts his § 2244(d)(1)(D) argument and cloaks it in terms of equity. To allow Lo to succeed on this recharacterized argument would usurp the congressionally mandated limits on habeas petitions. Accordingly, the district court properly concluded that the doctrine of equitable tolling was not applicable in Lo's case.

Because we find that Lo's petition for habeas review is time-barred, we need not address the merits of the alleged due process violation.

### III. Conclusion

For the foregoing reasons, we AFFIRM the decision of the district court dismissing Lo's petition as untimely.

A true Copy:

      Teste:

 

                _____
                *Clerk of the United States Court of Appeals for the Seventh Circuit*