# In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 08-1405

ROBERT E. TUCKER,

*Petitioner-Appellant,*

*v.*

PHILLIP A. KINGSTON, Warden,

*Respondent-Appellee.*

————————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 07 C 53—**Patricia J. Gorence**, *Magistrate Judge.*

————————

SUBMITTED JULY 11, 2008—DECIDED AUGUST 15, 2008

————————

Before EASTERBROOK, *Chief Judge*, and FLAUM and RIPPLE, *Circuit Judges.*

FLAUM, *Circuit Judge.* In 2001 Robert Tucker pleaded guilty to first-degree murder as a party to a crime in a Wisconsin court and was sentenced to life imprisonment. He will be eligible for parole in 2035. The state appellate court affirmed his conviction and sentence, and the state supreme court denied leave to appeal. His conviction became final on July 21, 2003, when the time to seek

review in the Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A).

On December 23, 2003, Tucker filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court. On February 12, 2004, the court dismissed the petition without prejudice because Tucker had not yet exhausted his state-court remedies. Indeed, Tucker had not yet sought postconviction relief in the Wisconsin courts. Accordingly, Tucker filed a petition for postconviction relief in the state trial court on April 12, 2004, thereby tolling the limitations period for filing another § 2254 petition until September 11, 2006, when the state supreme court denied leave to appeal. *See* 28 U.S.C. § 2244(d)(2). Tucker filed his second § 2254 petition on January 16, 2007, but by then the limitations period had expired.

Two hundred sixty-five days elapsed between July 21, 2003, when Tucker's conviction became final, and April 12, 2004, when his first postconviction petition was properly filed. Tucker's first federal petition did not stop the clock. *See* 28 U.S.C. § 2244(d)(2); *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) ("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations"); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (same); *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002). Another 126 days passed between September 11, 2006, when the state supreme court denied leave to appeal in Tucker's postconviction action, and January 16, 2007, when he filed his second § 2254 petition. Discounting the time during which the limitations period was tolled, Tucker's

second § 2254 petition was filed 391 days after his conviction became final—26 days too late. *See* 28 U.S.C. § 2244(d)(1). The district court therefore dismissed the petition as untimely. Tucker has filed a notice of appeal, which we construe as a request for a certificate of appealability.

Tucker argued in the district court that his second § 2254 petition should be treated as an amendment to his first § 2254 petition. The state responded that, even construing the second petition as an amendment to the first, the amendments would still be time-barred. It seems unlikely that all of the claims raised in the second petition would be untimely. At least two of them are virtually identical to claims raised in the first petition (admissibility of statements to police and the voluntariness of the plea), and so it appears at least those two claims are "tied to a common core of operative facts"—indeed the same facts—as their counterparts in the first petition. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005).

But for Tucker to amend his first petition, said petition needed to have been pending when the proposed amendments were offered. It was not. Tucker's first petition was dismissed in February 2004, so there was nothing to amend when he filed his second petition in January 2007. *See Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 411 n.11 (7th Cir. 1989) ("[O]nce the original complaint was dismissed, there was no point in continuing plaintiff's motion to file an amended complaint. The amended complaint would have nothing to amend.").

Tucker also maintains that the doctrine of equitable tolling should apply because the district court dismissed

his first petition instead of staying the litigation and holding the petition in abeyance while he pursued state remedies. Equitable tolling may apply to cases on collateral review, but only when it does not conflict with the strictures of 28 U.S.C. § 2244(d). *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007); *Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005); *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005); *Balsewicz v. Kingston*, 425 F.3d 1029, 1033-34 (7th Cir. 2005); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Equitable tolling is rarely granted. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Lo*, 506 F.3d at 576; *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Indeed, we have yet to identify a petitioner whose circumstances warrant it. *Poe v. United States*, 468 F.3d 473, 477 n.5 (7th Cir. 2006); *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003).

Before the principles of equitable tolling apply, a petitioner must demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Irwin*, 498 U.S. at 96; *Lo*, 506 F.3d at 576; *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006); *Araujo*, 435 F.3d at 680; *Balsewicz*, 425 F.3d at 1033; *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Second, he must also show that he has diligently pursued his claim, despite the obstacle. *Pace*, 544 U.S. at 418; *Irwin*, 498 U.S. at 96.

After reviewing the record, we find nothing atypical about Tucker's purported difficulties in prosecuting this

action. In a letter to the district court, Tucker complained of limited resources and lack of familiarity with the law. However, standing alone, the lack of legal expertise is not a basis for invoking equitable tolling. *See Arrieta*, 461 F.3d at 867; *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). For example, we have held that a prisoner's limited access to the prison law library is not grounds for equitable tolling. *See Jones*, 449 F.3d at 789; *but see Moore v. Battaglia*, 476 F.3d 504 (7th Cir. 2007) (remanding for evidentiary hearing on whether prison law library was adequate). In any event, Tucker had the burden to demonstrate his own diligence in pursuing his claim, *Pace*, 544 U.S. at 418, but failed to present any evidence in support of it. The district court, therefore, did not abuse its discretion in refusing to equitably toll the statute of limitations.

Tucker also complains that his petition was dismissed when it should have been stayed. The Supreme Court has instructed prisoners who are unsure about whether they have properly exhausted state remedies, to file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace,* 544 U.S. at 416; *see also Rhines*, 544 U.S. at 277-78; *Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005). And, for nearly a decade, we have informed the district courts that whenever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action. *See, e.g., Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000); *Tinker v. Hanks*,

172 F.3d 990, 991 (7th Cir. 1999), *vacated on other grounds*, 531 U.S. 987 (2000), *and reinstated*, 255 F.3d 444 (7th Cir. 2001); *see also Pace*, 544 U.S. at 416 ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."). But Tucker did not ask the district court to stay and abey his first federal petition.

When a district court's order dismissing a petition without prejudice will "effectively end any chance at federal habeas review," that is, when there is a substantial risk that it comes too late for the prisoner to re-file, district courts are to consider whether a stay might be more appropriate than an outright dismissal, regardless of whether the petitioner has made such a request. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006); *Newell*, 283 F.3d at 834; *Post v. Gilmore*, 111 F.3d 556, 557 (7th Cir. 1997). But there was no such substantial risk in this case; more than five months of Tucker's limitation period remained when the district court dismissed his first petition.

Tucker's final argument, that the statute of limitations should be tolled during the 90 days he could have sought certiorari after the state supreme court denied leave to appeal in his postconviction proceedings, is foreclosed by *Lawrence v. Florida*, 127 S. Ct. 1079 (2007).

Tucker's request for a certificate of appealability and his motion for appointment of counsel are therefore DENIED.