NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2008[*]
Decided January 8, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2578

| | |
|---|---|
| STEFANIE A. RODEN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| *v.* | No. 07-cv-698-bbc |
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL 24, et al., | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Stefanie Roden, a former employee of the University of Wisconsin and member of the American Federation of State, County, and Municipal Employees, claims that the university's Board of Regents and her supervisors wrongfully fired her from her job, and

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2).

that the union and two of its representatives breached their duty to fairly represent her in challenging the dismissal. The district court dismissed the lawsuit, and Roden appeals.

Roden worked as a library technician until she was injured on icy steps in January 1996. After exhausting her authorized medical leave, she informed her supervisors and the union that she was not yet healed and could not return for a few more days. When days turned into weeks without any further contact from Roden, the university concluded that she had abandoned her job. *See* Wis. Stat. § 230.34(1)(am). She was discharged in March 1996.

More than two years later, Roden complained to the Wisconsin Employment Relations Commission that the university and union had engaged in unfair labor practices. The Commission held the matter in abeyance at Roden's request, but dismissed it eight years later when she failed to pursue her grievance. Roden sought review of the Commission's order in state court, then voluntarily dismissed that action in order to proceed with this litigation. As we read her complaint, Roden claims that the university defendants fired her without due process, and that the union defendants violated the State Employment Relations Act, Wis. Stat. §§ 111.80–111.94, by not adequately representing her when she filed a grievance challenging her dismissal. Roden's complaint also includes an isolated reference to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, but she does not allege that her termination was on account of any ground actionable under that statute. The defendants moved to dismiss the complaint on a number of bases, chief among them that Roden's claims are untimely. Roden sought more time to amend her complaint, but the district court, apparently misconstruing her request as a motion to amend under Federal Rule of Civil Procedure 15, denied the motion because Roden had not attached her proposed amendment. The court then dismissed Roden's suit, reasoning that both her due process claim and her state employment claim were barred by the pertinent statutes of limitations. The court also noted that any conceivable claim under Title VII was destined to fail on the merits because Roden had never exhausted her administrative remedies.

On appeal Roden does not argue that the district court wrongly decided that her claims are time barred, nor does she dispute that she never filed an administrative charge of discrimination under Title VII. Instead she contends that the federal and state statutes of limitations were tolled while her complaint before the Commission sat dormant. She also claims that the district court should have given her more time to file an amended complaint before dismissing her suit. Finally, she submits that the district court lacked jurisdiction to dismiss her complaint because the defendants had neither been served with process nor returned the waiver-of-service form.

Roden contends that the statutes of limitations were tolled because she did not originally realize that she should pursue her claims in federal court, rather than through state administrative, and then judicial, proceedings. Equitable tolling would be appropriate only if Roden could demonstrate, first, that conditions outside her control prevented her from timely filing her claims and, second, that she diligently pursued her claims despite the impediment. *See Pace v. Diguglielmo*, 544 U.S.408, 418 (2005); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). But there were no circumstances that prevented Roden from filing her claims on time. She missed the statutory deadlines because she made several inadvisable strategic decisions—in particular, deferring her suit until her state administrative claim, which she herself had suspended for eight years, was dismissed—and her lack of legal expertise does not warrant equitable tolling. *See Tucker*, 538 F.3d at 735.

We review the denial of a motion for an extension of time for abuse of discretion and will overturn the district court's ruling only if Roden can show that she was actually prejudiced by the denial. *See United States v. Rinaldi*, 461 F.3d 922, 928-29 (7th Cir. 2006). Roden suggests that she sought to amend her complaint to include a reference to 28 U.S.C. § 1343. That statute grants jurisdiction to district courts to hear certain civil-rights claims; it does not define a claim, and so adding it to her complaint, which already cited to 42 U.S.C. § 1331, would not have altered the complaint in any material way, *see Myles v. United States*, 416 F.3d 551, 554 (7th Cir. 2005) (explaining that § 1343 and § 1331 provide overlapping jurisdiction over civil-rights claims). Certainly a reference to § 1343 would do nothing to make Roden's claims more timely. We cannot say that she suffered prejudice because the district court denied her more time to make a futile amendment.

As for Roden's contention that the district court could not dismiss her complaint without first acquiring personal jurisdiction over the defendants, a district court may dismiss a complaint without ever involving the defendant if, as here, it is clear that relief is barred by the relevant statutes of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008). And, anyway, the district court gained personal jurisdiction over the defendants when they voluntarily appeared in court to move for dismissal on grounds unrelated to jurisdiction. *See Fed. R. Civ. P.* 12(h)(1); *United States v. Ligas*, 2008 WL 5047770 at *4 (7th Cir. Dec. 1, 2008).

For the foregoing reasons we AFFIRM the district court's order dismissing Roden's case.