NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2010[*]
Decided September 9, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3893

| | |
|---|---|
| JAMES E. JANSSEN, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09-cv-34-bbc |
| | |
| JEFFREY PUGH, | Barbara B. Crabb, |
| *Respondent-Appellee*. | *Judge*. |

**O R D E R**

The district court dismissed James Janssen's petition for a writ of habeas corpus because he failed to file it within the statute of limitations. On appeal he argues that his untimely filing should have been excused by application of equitable tolling. Because we agree with the district court that Janssen did not diligently pursue his postconviction claims, we affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Janssen's conviction for first-degree intentional homicide, see WIS. STAT. § 940.01, became final in December 1997. In September 1998 he filed a petition for a writ of habeas corpus in federal district court. See 28 U.S.C. § 2254. At the same time he moved the court to hold his petition in abeyance while he pursued postconviction relief in state court. The district court, without acknowledging that motion, instead dismissed the petition in February 1999 on the ground that Janssen had not exhausted his state-court remedies. See *id.* § 2254(b)(1)(A). The court reassured Janssen that, if his pursuits in state court proved unfruitful, he could file a new petition in federal court without running afoul of the ban on successive petitions. See *id.* § 2244(b)(1). What the court overlooked, however, was that the statute of limitations had expired in December 1998, one year after his conviction became final. See *id.* § 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that filing § 2254 petition does not toll statute of limitations).

Janssen did not ask for reconsideration or remind the district court about his overlooked request to hold the petition in abeyance. Nor did he appeal the dismissal. Instead he did nothing for more than five years before finally seeking relief in state court in September 2004. See WIS. STAT. § 974.06. That process continued through April 2008, but Janssen then waited nine more months before refiling his § 2254 petition in January 2009.

The state moved to dismiss the petition on the ground that it was more than 10 years too late. Looking back at the 1999 dismissal, the district court realized that it had overlooked both the statute of limitations and Janssen's motion to hold the § 2254 petition in abeyance. The court assumed that its order could have misled Janssen into thinking he would be free to refile his petition unimpeded by the statute of limitations, and thus the court evaluated whether to invoke equitable tolling and excuse his untimely filing. But the court reasoned that, even if its mistakes constituted extraordinary circumstances that prevented Janssen from timely filing his petition, he was not entitled to equitable tolling because he did not act diligently after his first petition was dismissed.

Janssen appeals, but we agree with the district court that he was not entitled to proceed with his long-overdue petition. Although equitable tolling is available to a petitioner who can show that extraordinary circumstances prevented him from filing his § 2254 petition within the statutory time limits, *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010); *Griffith v. Rednour*, No. 09-2518, 2010 WL 2852631, at *3 (7th Cir. July 22, 2010), the petitioner must also show that he diligently pursued relief despite the obstacles placed in his way, *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Janssen insists that he *was* diligently pursuing his state-court remedies during the five years after the 1999 dismissal; he took so long to file his § 974.06 petition, he explains, because he is not well-educated in the law and had to navigate burdensome prison

policies. But these run-of-the-mill difficulties do not excuse his lengthy delay. See *Tucker*, 538 F.3d at 735 (holding that lack of legal experience is not an extraordinary circumstance justifying equitable tolling); *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) (holding that incarceration is not an extraordinary circumstance justifying equitable tolling). Moreover, even after the state proceedings had ended, Janssen dallied for months before refiling his petition in federal court. The district court was well within its discretion to conclude that he did not act diligently to overcome any obstacles placed in his way by the dismissal of his first petition. See *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (holding that petitioner who waited 27 months to pursue state-court remedies was not entitled to equitable tolling).

AFFIRMED.