**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6827**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

EDUARDO BOWMAN,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:05-cr-00218-DCN-1; 2:12-cv-02249-DCN)

———————

Submitted:  August 7, 2013          Decided:  March 26, 2014

———————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Eduardo Bowman, Appellant Pro Se.  Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eduardo Bowman seeks to appeal the district court's order granting the government's summary judgment motion and denying relief on his 28 U.S.C.A. § 2255 motion. We deny a certificate of appealability and dismiss the appeal.

I.

Adhering to the terms of a negotiated agreement with the government, Bowman pleaded guilty in the District of South Carolina to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. In October 2005, the district court, in conformance with the Sentencing Guidelines, sentenced Bowman as a career offender to 240 months of imprisonment. Bowman did not appeal his conviction or sentence.

In February 2012, Bowman, being incarcerated within the jurisdiction of the Eastern District of North Carolina, filed a petition there pursuant to 28 U.S.C. § 2241, challenging his career offender designation in light of Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The district court, with Bowman's consent, construed the petition as a § 2255 motion, but then transferred it to the District of South Carolina. Bowman had sought appointment of counsel from the transferor court

under a standing order governing requests for post-conviction relief based on Simmons; the transfer order concomitantly denied his request.

The government moved in the transferee court to dismiss Bowman's § 2255 motion, or, in the alternative, for summary judgment. The court determined that Bowman's motion was filed outside of the applicable one-year statute of limitations, see 28 U.S.C. § 2255(f), and that Bowman had not made any argument to justify equitable tolling of the limitations period. The court reasoned that, in any event, even if the § 2255 motion had been timely, Bowman's arguments were barred by the appeal waiver in his plea agreement. Accordingly, the court granted the government's summary judgment motion and denied relief on Bowman's § 2255 motion. Bowman noted a timely appeal.

## II.

Bowman may not appeal the district court's denial of relief on his § 2255 motion unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a prisoner is denied relief on the merits, the standard for appealability is satisfied if reasonable jurists would find the district court's assessment of

3

the constitutional claims to be debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If the district court denies relief on procedural grounds, the prisoner must demonstrate that the dispositive procedural ruling is debatable, and also that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

## A.

In this proceeding, we confine our review to the issues briefed. See 4th Cir. R. 34(b). Bowman's informal brief does not challenge the district court's adverse determination on equitable tolling or contend that the doctrine should otherwise apply. Bowman also fails to address the court's alternative determination regarding the appeal waiver. By electing to not brief these issues, Bowman has waived their review. Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009); Williams v. Giant Food Inc., 370 F.3d 423, 430 n.4 (4th Cir. (2004)[*]

---

[*] The government, however, has not filed a brief invoking the appeal waiver. Accordingly, the government has forgone reliance thereon. See United States v. Metzger, 3 F.3d 756, 757-58 (4th Cir. 1993).

4

B.

Bowman maintains that the transferor court erred by construing his § 2241 petition as a § 2255 motion, sending it to the District of South Carolina, and denying his request for appointment of counsel. We disagree.

A federal prisoner seeking to challenge the legality of his conviction or sentence must proceed pursuant to § 2255, as petitions under § 2241 generally are reserved for challenges to the execution of the prisoner's sentence. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). However, in limited circumstances, § 2255 may be inadequate or ineffective to test the legality of the prisoner's detention. In those cases, the prisoner "may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Because § 2255 is neither inadequate nor ineffective to test the legality of Bowman's detention, he was constrained to bring his challenge in a § 2255 motion. See United States v. Poole, 531 F.3d 263, 267 & n.7 (4th Cir. 2008); Jones, 226 F.3d at 333-34.

Moreover, after providing the required notice of its intent to construe the § 2241 petition as a § 2255 motion, then obtaining Bowman's consent thereto, see Castro v. United States, 540 U.S. 375, 383 (2005), the transferor court properly gave way to the transferee court. See 28 U.S.C. § 1631 (2006) (mandating

5

transfer of a civil action to the appropriate federal jurisdiction if the transfer "is in the interest of justice"); 28 U.S.C.A. § 2255(a) (directing that a prisoner "in custody under sentence of a court established by Act of Congress claiming the right to be released" move the court that "imposed the sentence" to vacate, set aside, or correct it).

Additionally, the transferor court did not abuse its discretion in denying Bowman's request for appointment of counsel under the standing order. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The standing order was not applicable to Bowman because he was sentenced in the District of South Carolina, not the Eastern District of North Carolina.

C.

With respect to the transferee court's consideration of the § 2255 motion, Bowman first challenges the determination that the motion was filed after the expiration of the applicable limitations period. The statute provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final; . . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f)(1), (3)-(4). Bowman does not suggest that his § 2255 motion is timely under §§ 2255(f)(1), as it was filed more than one year after his judgment of conviction became final, and is not — as the district court found — subject to equitable tolling.

In addition, Bowman is not entitled to the later triggering date under § 2255(f)(3). The Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), upon which Bowman bases his motion, is not retroactively applicable to cases on collateral review, and, therefore, a § 2255 movant cannot use it to establish the onset of the § 2255(f)(3) limitations period. See United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012). By contrast, our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), upon which Bowman also relies, is retroactively applicable to cases on collateral review. See Miller v. United States, 735 F.3d 141, 145-47 (4th Cir. 2013). Nonetheless, because Simmons is not a Supreme Court decision recognizing a new right, it likewise cannot be invoked in connection with the limitations period onset contemplated by § 2255(f)(3).

Furthermore, the decisions in Carachuri-Rosendo and in Simmons merely clarified the law and were not part of Bowman's

7

litigation history. Hence, they have no bearing on the calculation of any limitations period potentially made applicable to him by § 2255(f)(4). See Lo v. Endicott, 506 F.3d 572, 575-76 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1097-98 (8th Cir. 2006); Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005).

D.

Finally, and not insignificantly, Bowman's two predicate Georgia convictions underlying his career offender status were for possession of cocaine with intent to distribute, for which he received twelve-year prison sentences. The decisions in Carachuri-Rosendo and Simmons notwithstanding, Bowman's Georgia convictions provide ample foundation for his designation as a career offender. See USSG §§ 4B1.1(a)(3), 4B1.2(b) (2013) (authorizing imposition of career offender status in situation where defendant has "at least two prior felony convictions of . . . a controlled substance offense," such offense defined, inter alia, as one "under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute").

## III.

In view of the foregoing, we conclude that Bowman has not made a substantial showing of the denial of a constitutional right. Consequently, we deny his request for a certificate of appealability, deny his motion to appoint counsel, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

<u>DISMISSED</u>