FILED
United States Court of Appeals
Tenth Circuit

December 12, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY TYREE,

    Defendant - Appellant.

No. 18-1046
(D.C. Nos. 1:18-CV-00157-RM &
1:15-CR-00127-RM-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **EID**, Circuit Judges.
_____

Anthony Tyree, a federal prisoner appearing pro se, appeals the district court's

denial of his motion to vacate, correct, or set aside his sentence under 28 U.S.C.

§ 2255. We granted a certificate of appealability (COA) on whether the district court

erred in concluding that Tyree's motion was untimely and ordered the government to

file a response. Having now considered the government's brief and Tyree's opening

and reply briefs, we affirm.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In December 2015, Tyree pleaded guilty to one count of robbery affecting commerce (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), and one count of using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The "crime of violence" underlying his § 924(c)(1)(A) conviction was the Hobbs Act robbery. Tyree was sentenced to 60 months imprisonment for the Hobbs Act robbery and 84 months for violating § 924(c)(1)(A), with the terms to run consecutively. He did not file a direct appeal, and his convictions became final on May 16, 2016.

On January 19, 2018, Tyree filed a pro se motion under § 2255, arguing that his conviction for violating § 924(c)(1)(A) must be vacated because Hobbs Act robbery no longer qualifies as a "crime of violence" after our decision in *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017). The district court denied Tyree's motion as time-barred, denied a COA, and denied Tyree's motion to proceed in forma pauperis on appeal because any appeal would not be taken in good faith. After Tyree appealed the district court's denial of his § 2255 motion, we granted a COA on the timeliness issue and now address this issue on the merits.

## DISCUSSION

"In reviewing denial of a § 2255 motion for post-conviction relief where a COA has been granted, we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Pam*, 867 F.3d 1191, 1197 (10th Cir. 2017) (internal quotation marks omitted). Because Tyree is appearing pro se, we

2

construe his filings liberally in our review, but we do not serve as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Based on our review, we conclude that the district court correctly dismissed Tyree's § 2255 motion as time-barred.

A defendant ordinarily must file a § 2255 motion within one year of the date his conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Tyree's conviction became final on May 16, 2016, but he filed his § 2255 motion over 20 months later, on January 19, 2018. Tyree's motion was therefore untimely under § 2255(f)(1).

Tyree contends his § 2255 motion was nonetheless timely filed under the alternate limitations period provided in § 2255(f)(4). This provision establishes a one-year limitations period running from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4). Tyree claims our decision in *O'Connor*, issued on October 30, 2017, triggered a new one-year limitation period under this provision because he could not have discovered the decision through the exercise of due diligence before its issuance.

Tyree is mistaken in this assertion for two independent reasons. First, a change or clarification of controlling law in a judicial decision is not a "fact" that begins a new one-year statute of limitations under § 2254(f)(4). *See E.J.R.E. v. United States*, 453 F.3d 1094, 1097–98 (8th Cir. 2006) (concluding a federal court of appeals decision is not a discoverable fact under § 2255(f)(4)); *Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) (holding "the discovery of a new legal theory

3

does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)"); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007) (holding a state supreme court decision clarifying the law is not a factual predicate under the equivalent limitation period provided in 28 U.S.C. § 2244(d)(1)(D)).  Accordingly, even if *O'Connor* changed the law relevant to Tyree's § 924(c)(1)(A) conviction, its issuance was not a "fact" that triggered a new limitations period under § 2255(f)(4).[1]

Second, even if the *O'Connor* decision qualified as a fact for purposes of § 2255(f)(4), it would not trigger a new limitations period because the decision does not support Tyree's claim that Hobbs Act robbery no longer qualifies as a "crime of violence" for purposes of § 924(c)(1)(A).  In *O'Connor*, we held that Hobbs Act robbery is not a "crime of violence" under a different provision, U.S.S.G. § 4B1.2(a), because this sentencing guideline defines "crimes of violence" as crimes involving actual or threatened force to another person, while Hobbs Act robbery criminalizes conduct involving actual or threatened force to persons *or* property.  *See* 874 F.3d at 1158.  "If some conduct that would be a crime under the statute would not be a 'crime of violence' under § 4B1.2(a), then any conviction under that statute will not qualify as a 'crime of violence' for a sentence enhancement under the Guidelines." *Id.* at 1151. Because Hobbs Act robbery includes actual or threatened force to property, we concluded in *O'Connor* that it is broader than § 4B1.2(a)'s definition of "crime of

---

[1]  Tyree's contention that Hobbs Act robbery is not a "crime of violence" under § 924(c)(1)(A) is also not new, because he joined his co-defendant in making this argument to the district court before he pleaded guilty to this charge.

violence" and therefore is not a "crime of violence" under this sentencing guideline. *See id.* at 1153 (concluding same as § 4B1.2(a)(2)'s enumerated clause), 1158 (reaching same conclusion as to § 4B1.2(a)(1)'s force clause).

But U.S.S.G. § 4B1.2(a) and its definition of "crime of violence" is not at issue in this case. Rather, the issue here concerns Tyree's conviction under § 924(c)(1)(A) for using a firearm in furtherance of a "crime of violence" as defined for purposes of that statute. This definition is materially different from U.S.S.G. § 4B1.2(a)'s definition of the term because it includes an offense that "has as an element the use, attempted use, or threatened use of physical force against *the person or property* of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added). As a result, as we recognized in *O'Connor*, "[t]here is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person *or* property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person." 874 F.3d at 1158. *O'Connor*'s holding that Hobbs Act robbery is not a "crime of violence" for purposes of the sentencing guideline is therefore irrelevant to Tyree's conviction under § 924(c)(1)(A). Our recent decision that Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(1) confirms this conclusion. *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064-66 (10th Cir. 2018), *cert. denied*, 2018 WL 5017618 (U.S. Nov. 13, 2018) (No. 18-6302).

Tyree also asserts that he is actually innocent of violating § 924(c)(1)(A), which, if adequately shown, could equitably toll the statute of limitations for filing his § 2255 motion. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *United*

5

*States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). But for an actual innocence claim to toll the limitations period, the petitioner must show, among other things, that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (internal quotation marks omitted). Tyree failed to make this showing because his innocence claim is based entirely on the change in the law he assumes resulted from *O'Connor*. This legal decision is not "new evidence" supporting this claim and, in any event, for the reasons stated above is irrelevant to his conviction under § 924(c)(1)(A) for using a firearm during a crime of violence.

Accordingly, we affirm the district court's denial of Tyree's § 2255 motion as time-barred. We also deny a COA as to all remaining issues. We grant his motion to proceed IFP on appeal, but remind him of his obligation to continue making partial payments until the entire appellate filing fee is paid.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6