In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2588

JAMES O. ADEMIJU,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18-cv-5583 — **Robert W. Gettleman**, *Judge.*

ARGUED MARCH 30, 2021 — DECIDED JUNE 2, 2021

Before KANNE, BRENNAN, and SCUDDER, *Circuit Judges.*

KANNE, *Circuit Judge.* James Ademiju, a Nigerian citizen, seeks to vacate his conviction for healthcare fraud. He concedes that he filed his motion outside the one-year limitations period but argues that the statute of limitations should be equitably tolled due to various extenuating circumstances. We conclude that Ademiju has not met the high standard for equitable tolling, and we therefore affirm the district court.

## I. BACKGROUND

James Ademiju immigrated to the United States in 2001 and resided here for many years on a green card. In 2011, he became involved in a scheme to defraud Medicare of millions. The government eventually caught on, and, in September 2015, a grand jury indicted Ademiju on seven counts.

Ademiju pled guilty to one count of healthcare fraud, 18 U.S.C. § 1347, and stipulated to a loss amount of $1.5 million. The plea agreement stated that "Defendant recognizes that pleading guilty may have consequences with respect to his immigration status"; that he "understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status"; and that he "nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States."

At sentencing a year later, the district court heard argument from both sides about the appropriate term of imprisonment. Ademiju personally and through counsel admitted that his ability to stay in the United States was not assured. His counsel told the court, "I'm not an immigration specialist … . But it's my understanding that a sentence of—any sentence of less than one year—so if you were to sentence him to 364 days—I think the consequences for him in immigration court are very significant. I think at that point he would be at least eligible for a waiver."

These representations about the potential immigration consequences turned out to be incorrect, but no one in the courtroom appeared to be aware of that. The government had

no objection to Ademiju's counsel's recommendation, and the district court sentenced Ademiju to eleven months' imprisonment. The court also ordered $1.5 million in restitution. Ademiju's terms of supervised release required him to surrender to the Department of Homeland Security for a determination of his deportability. The court entered final judgment on April 6, 2017, and Ademiju did not appeal. He reported to prison on August 1, 2017.

In late 2017, Ademiju claims that he asked his defense counsel if there was any way to change his sentence. His counsel allegedly replied that the judgment was final. They continued to communicate through June 2018.

On June 21, 2018, Ademiju was released from federal prison and transferred into the custody of U.S. Immigration and Customs Enforcement. By August 2018, he retained an immigration attorney who informed him that the terms of his plea agreement—specifically the offense of conviction and the stipulated loss amount—subjected him to mandatory deportation.

On August 8, 2018, Ademiju filed a 28 U.S.C. § 2255 motion to vacate and set aside his conviction because his attorney provided ineffective assistance of counsel when advising him on the immigration consequences of his guilty plea.

The government moved to dismiss the § 2255 motion as untimely because Ademiju filed it several months after the one-year statute of limitations expired in April 2018. Ademiju responded that the statute of limitations should be tolled because he received incorrect advice from an attorney about his options for recourse within the limitations period and because

he could not have discovered the problem himself due to the inadequacy of his prison's law library.

The district court rejected Ademiju's tolling arguments and granted the government's motion to dismiss. Ademiju now appeals.

## II. ANALYSIS

Motions under 28 U.S.C. § 2255 are subject to a one-year period of limitation. 28 U.S.C. § 2255(f). In this case, that period runs from "the date on which [Ademiju's] judgment of conviction [became] final." *Id.* § 2255(f)(1). A petitioner who files after that limitation period has expired is out of luck, with a limited exception—equitable tolling.

"[E]quitable tolling is an extraordinary remedy that is 'rarely granted.'" *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013)). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The extraordinary-circumstance prong is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." *Id.* (alteration in original) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016)).

Where, as here, a district court declines to apply equitable tolling to a limitation period, our review is only for abuse of discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018).

Ademiju argues that three combined factors in his case warrant equitable tolling. First, both before and at sentencing,

his counsel gave him erroneous legal advice about his deportability. Second, after sentencing, his counsel erroneously advised him that he could not challenge the final judgment. And third, Ademiju's prison had an inadequate law library that hindered his ability to research his options because most of the resources were in Spanish, which he does not understand.

We do not agree that these proffered factors, considered alone or together, demand equitable tolling to such a degree that the district court abused its discretion in declining to apply it.

Regarding the first and second factors, incorrect legal advice generally does not by itself trigger equitable tolling. *See Lee v. Cook County*, 635 F.3d 969, 973 (7th Cir. 2011) ("A lawyer's ineptitude does not support equitable tolling."). The Supreme Court has explained that "'a garden variety claim of excusable neglect' … does not warrant equitable tolling." *Holland*, 560 U.S. at 651–52 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

At most, Ademiju has alleged that his attorney was negligent. So even though there is no question that Ademiju's counsel at sentencing was wrong about how the sentence would affect Ademiju's immigration status,[1] and even though

---

[1] Although his counsel represented to the district court that imposing a prison sentence of less than a year could help mitigate the collateral immigration consequences, in reality, Ademiju was subject to mandatory deportation because he pled guilty to an aggravated felony. The definition of "aggravated felony" includes offenses "involv[ing] fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Because Ademiju's offense was an aggravated felony, he was deportable, *id.* § 1227(a)(2)(A)(iii), and ineligible for discretionary forms of relief. *Moncrieffe v. Holder*, 569 U.S. 184, 187 (2013).

Ademiju's counsel did not inform Ademiju of the possibility of collateral review, counsel's conduct does not rise to the level of an extraordinary circumstance that prevented Ademiju from timely filing.

In rebuttal, Ademiju argues that being misled by his attorney was equivalent to (or worse than) attorney abandonment, which sometimes justifies equitable tolling, *see Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016) (citing *Maples v. Thomas*, 565 U.S. 266 (2012)). But that comparison is untenable. We see no reason to equate Ademiju's counsel's negligence with attorney abandonment.

Ademiju's third argument—that his prison's subpar law library prevented him from timely filing his motion—likewise fails to support the extraordinary relief of equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[A] prisoner's limited access to the prison law library is not grounds for equitable tolling.") (citing *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006))).

Ultimately, nothing about this case is extraordinary. Ademiju was clearly warned in his plea agreement that "[r]emoval and other immigration consequences are the subject of a separate proceeding," and he acknowledged that he "[understood] that no one, including his attorney or the Court, c[ould] predict to a certainty the effect of his conviction on his immigration status." Nevertheless, he "want[ed] to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States."

If that weren't clear enough, the district judge warned Ademiju at his plea hearing that entering a guilty plea "might

also mean that your immigration status could be affected, and you might have to be either deported or returned to your home country. Do you understand that, sir?" Ademiju responded that he understood. Nothing in this case warrants equitable relief from the consequences that Ademiju admitted he might suffer.

Finally, we reject Ademiju's contention that the district court should have held an evidentiary hearing before denying his motion. A hearing is unnecessary where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). We conclude on the record before us that Ademiju's circumstances, even if they exist exactly as he alleges, do not warrant the exceptional relief of equitable tolling, and thus a hearing was not required. *Spiller v. United States*, 855 F.3d 751, 754 (7th Cir. 2017).

## III. CONCLUSION

Ademiju failed to establish that extraordinary circumstances excuse his untimely filing, and the district court did not abuse its discretion in refusing to toll the statute of limitations. We AFFIRM.